UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

PETER JOHN VOLAS,[1]                           Case No. DT 11-00999
                                               Chapter 12
                    Debtor.                    Hon. Scott W. Dales

_____/

SUPPLEMENTAL OPINION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

The court held a hearing on December 13, 2011 in Traverse City, Michigan to establish the value of the Debtor's real property located at 2034 Eden Hill Road, Beulah, Michigan, (the "Property") for purposes of confirmation.  At the conclusion of the hearing, after admitting two appraisals and considering expert testimony from two witnesses, the court gave an oral ruling expressing its conclusion that the Property is worth $50,000.00.  This written opinion supplements the court's oral ruling and, together with it, constitutes the court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, made applicable by Fed. R. Bankr. P. 7052.

As the court noted at the hearing's conclusion, both appraisers, Elizabeth Borchert for Central State Bank and Douglas Parkes for the Debtor, testified credibly and both rejected the cost and income approaches to valuing the Property.  The appraisers parted company however, with respect to their characterization of the Property as either residential or commercial.

_____

[1] Alias for Peter John Volas: dba Eden Hill Greenhouse.

The court found that the Property is more accurately characterized as residential property than commercial. Consistent with the zoning applicable to the Property, the Debtor's use of the Property as a nursery or greenhouse is incidental to his residential use. The location of the Property, off a gravel or dirt road outside the village, also tends to support the residential (as opposed to commercial) classification.

Ms. Borchert's definition of "highest and best use"—which incorporates applicable zoning by using the phrase "legal use"—undermines her conclusion that the highest and best use of the Property (as presently zoned) is as a commercial greenhouse. According to the uncontested testimony from Mr. Parkes, under Benzie County's "Rural Preservation 5" classification, the use as a greenhouse must be "incidental" to the Property's residential purposes. This is not consistent with a commercial greenhouse operation in the court's view, so the court rejects Ms. Borchert's reliance on the Property's supposed highest and best use as a commercial greenhouse facility.

In addition, Mr. Parkes's comparable sales, all located within a 2.5 mile radius of the Property, were more persuasive than Ms. Borchert's comparables. One of her comparables was within that 2.5 mile radius, but the rest were in different communities, one as far as almost 38 miles away. Each of her more distant comparables prompted her to make substantial adjustments which, though customary and appropriate, undermined the court's confidence in her report.

Although the court took into consideration the fact that Mr. Parkes's comparables were "REO" or bank-owned properties, and although the court credits Ms. Borchert's criticism that a bank may be more motivated than the typical seller to dispose of an "REO" property, the court

also notes that the existence of three foreclosed properties within a 2.5 mile radius tends to corroborate Mr. Parkes's lower estimate of value. The court infers that the proximity to several distressed properties exerts a downward pressure on property values.

Finally, the two appraisers agreed that the Debtor's Property was in "less than average" or, according to Mr. Parkes, "poor to fair" shape.  The photographs included within the appraisal reports showed the premises in considerable disrepair, with mold, water damage, and structural problems that similarly support the court's lower estimate of value. The exterior photographs fortified Mr. Parkes's dimmer view of the Property's value.

Accordingly, the court finds the Parkes appraisal more persuasive and therefore concludes that the Property has a value of $50,000.00 for purposes of confirmation.

IT IS HEREBY ORDERED AND DECLARED that for purpose of confirmation, the Property's value is $50,000.00.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Supplemental Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Carroll Clough, Esq., Joseph A. Chrystler, Esq., Jack E. Boynton, Esq., and Paul I. Bare, Esq.

**IT IS SO ORDERED.**

**Dated December 14, 2011**



Scott W. Dales
United States Bankruptcy Judge